**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **NICOLE SIMONESCHI,** | ) | |
| | ) | **Case No. 2:24-cv-02108-CSB-EIL** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **RMH ILLINOIS LLC d/b/a** | ) | |
| **APPLEBEE'S** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ENTRY OF FINAL DEFAULT**
**JUDGMENT AND DAMAGES**

Plaintiff, Nichole Simoneschi (the "Plaintiff") by and through undersigned counsel files this memorandum of law in support of Plaintiff's Motion for Entry of Default Final Judgment and regarding damages under Americans with Disabilities Act of 1990, as amended, ("ADA"), Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), and under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"). Plaintiff additionally attaches to this memorandum: (1) a calculation of his damages, *See* Exhibit A; (2) and (2) Counsel's Affidavit in support of Plaintiff's Motion for Default Judgment on a Sum Certain, *See* Exhibit B, which lists the incurred attorney's fees and costs.

**STATEMENT OF FACTS**

1. Plaintiff worked for Defendant as a Server from February of 2022 through October of 2023.

2. Plaintiff earned $7.25 per hour, plus tips, working 40 hours a week on average during her employment with Defendant.

3. Since at least April of 2022 through October of 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and

has been subjected to a hostile work environment on the basis of Plaintiff's disability, violating the ADA.

4.  Plaintiff suffered two heart attacks in April of 2022, and was diagnosed in November of 2022 with ventricular trigeminy. Due to Plaintiff's medical condition, she is a member of a protected and was subjected to different terms and conditions of employment than others not within her protected class, by the Defendant.

5.  Following Plaintiff's heart attacks, she requested reasonable accommodations from the Defendant.

6.  Plaintiff's accommodation request was to attend medical appointments, these appointments were not excessive.

7.  In response to Plaintiff's accommodation request, the Manager Rob (LNU), Liz R. (LNU), and Regional Manager Troy Landham, refused to acknowledge the severity of Plaintiff's disability and medical condition. Additionally, they marked her hospital visits as "no call, no show" absences and reduced Plaintiff's hours throughout her employment.

8.  Ultimately, in or around October 2023 Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

9.  The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

10. Additionally, since at least May 13, 2023 through September 29, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII and Section 1981.

11. Plaintiff is female and is a member of a protected class because of their sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

12. On or around May 13, 2023, Plaintiff experienced severe harassment when the restaurant manager, Rob [last name unknown], subscribed to Plaintiff's OnlyFans account. Rob then began making inappropriate comments and actions, such as sharing the content of Plaintiff's OnlyFans account with colleagues and clients, creating an unbearable work atmosphere.

13. Despite Plaintiff's pleas for her Manager to cease his actions, the harassment continued. This led to Plaintiff discontinuing posting any content to her OnlyFans account because of the extreme discomfort she experienced.

14. Other employees also quit their positions due to the sexual harassment by the Manager, including minors who also experienced the same level of sexual harassment, due to the daily comments made by the Manager, Rob, such as "penetrate this" and "penetrate that."

15. Subsequently, on or around September 29, 2023, Plaintiff's hours were once again arbitrarily reduced to four (4) hours per week by the restaurant Manager, Rob.

16. Plaintiff sought clarification on this issue from the General Manager, Liz R., who asked Rob about the situation. Rob denied any knowledge of the matter. Further discussion with the Regional/District Manager, Troy Langham, only reinforced the Defendant's retaliatory acts for reporting the sexual harassment.

17. Plaintiff felt compelled to stand up against these unfair employment practices and expressed her intent to involve legal representation. The following day, on or around September 30, 2023, Troy Langham contacted Plaintiff about her work attendance. When Plaintiff mentioned that she was awaiting legal advice, Mr. Langham abruptly hung up the phone without further communication.

18. On or around October 16, 2023, Plaintiff made a Facebook post about how she had been subject to sexual harassment by the Manager, Rob, and was subsequently denied access to the workplace when attempting to collect her last paycheck.

19. Plaintiff was ultimately forced to involve the police when attempting to retrieve her final paycheck on or around October 21, 2023.

20. This is indicative of Defendant's failure to address Plaintiff's concerns about both disability discrimination and sexual harassment.

21. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

22. Plaintiff was unlawfully terminated because of her sex, (female) and against for opposing unlawful discrimination and for exercising her protected rights. on or around October 2023.

## MEMORANDUM OF LAW

### I.  ENTRY OF DEFAULT FINAL JUDGMENT

Federal Rule of Civil Procedure 55(b) provides that this Court may enter a Judgment By Default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b)(2). If the Court determines that Defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Nishimatsu Const. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975). "A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Damages are a sum certain they are liquidated or can be calculated through reference to the terms of the agreement between the

parties. *Id.*, *see also*, *F.D.I.C. v. Spartan Mining Co., Inc.*, 96 F.R.D. 677 (D.C.W.Va. 1985); *see also*, *Crowley Liner Services, Inc. v. Transtainer Corp.*, 2007 WL 1526955 (S.D.Fla. 2007).

Pursuant to 29 U.S.C. § 626, the Plaintiff is entitled to recover reasonable attorney's fees and costs related to prosecuting the claim of discrimination. Affidavit in Support of Attorney's fees and Costs is attached hereto as Exhibit B.

<u>**Damages Available to Plaintiff under Title VII and ADA**</u>

*Back Pay*

Title VII's remedial scheme is designed to make an aggrieved party whole. <u>See</u> *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982). Generally, a court will look to provide "[c]omplete relief for a victim of discrimination." *EEOC v. Ilona of Hungary, Inc.*, 108 F.3d 1569 (1997). Accordingly, under section 42 U.S.C §2000e-5 of the Act, a successful plaintiff may recover equitable relief in the form of back pay and reinstatement (or front pay in lieu of reinstatement). <u>See</u> 42 U.S.C §2000e-5.

Once the discrimination is shown, entitlement to back pay is presumed. See *Albemarle Paper Co. v. Moody,* 422 U.S. 405 (1975). Back pay accrues from the date the discrimination occurred until the time of trial or entry of judgment. It consists of ***all*** monetary benefits that would have been earned by the employee had there been no discrimination. The amount generally includes wages, raises the employee would have received, fringe benefits, vacation pay, pensions, health insurance benefits, wage increase, and bonuses. See *Marcing v. Fluor Daniel, Inc.,* 826 F.Supp. 1128, 1142 (N.D.Ill. 1993), rev'd on other grounds.

In the present case, Plaintiff has methodically calculated her back pay award taking into consideration his mitigating income, and provides her calculation in her Declaration attached hereto as Exhibit "A" to this memorandum. As showed by the Exhibit, Plaintiff is entitled to **$4,720.00** for back pay.

***Compensatory Damages/Emotional Distress***

With the passage of the Civil Rights Act of 1991, victims of intentional discrimination may recover compensatory damages. See 42 U.S.C. § 1981a(b)(2). Compensatory damages are damages awarded to compensate the plaintiff for non- pecuniary losses for emotional distress, psychological harm, or physical harm. In *Lampley v. Onyx Acceptance Corp.,* 340 F.3d 478, 483–84 (7th Cir.2003) the Seventh Circuit established that district courts should examine the following factors when analyzing compensatory damages awards: whether the damages awarded (1) were monstrously excessive; (2) had no rational connection between the award and the evidence, and (3) were roughly comparable to awards made in similar cases." *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 483–84 (7th Cir.2003); *Equal Emp't Opportunity Comm'n v. Autozone, In*c., 707 F.3d 824, 833 (7th Cir. 2013).

In the present case, Plaintiff requests a compensatory damage award of **$25,000.00**. See Exhibit "A." This proposed award is very reasonable when one compares it to awards afforded by Courts dealing with similar cases in our jurisdiction. Moreover, Plaintiff has suffered greatly and would testify that her mental state has been gravely affected by the acts of harassment, discrimination and retaliation she suffered.

***Pre-Judgment Interest***

Courts award interest because "compensation deferred is compensation reduced by the time value of money." *Matter of Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d 845, 849 (7th Cir. 1997). Under Title VII, a Court may allow two types of interests: prejudgment interest and post-judgment interest. Prejudgment interest restores a plaintiff to the position she would have been in but for the violation. See. *Frey v. Hotel Coleman*, 903 F.3d 671, 682 (7th Cir. 2018).

In general, whether and how to award prejudgment interest lies in the discretion of the district court. There is – however -- a presumption in favor of granting prejudgment interest. See

*Hotel Coleman*, 903 F.3d at 672; *Ernst v. City of Chi.*, No. 08 C 4370, at *50 (N.D. Ill. Dec. 21, 2018). Without an award of interest, compensation of the plaintiff is incomplete, and the defendant has an incentive to delay. In terms of the rate to be used, the Seventh Circuit has instructed district courts to "use the prime rate as the benchmark for prejudgment interest". *Hotel Coleman,* 903 F.3d at 682.

    Accordingly, Plaintiff requests that the Court award her pre-judgment interest from the date this action was initiated to the date of the filing of the Motion for Final Default Judgment.

***Post-Judgment Interest***

    A prevailing plaintiff in federal court is entitled to post-judgment interest at a rate prescribed by statute. See 28 U.S.C.§ 1961(a); *Miller v. Artistic Cleaners*,153 F.3d 781, 785 (7th Cir. 1998). Post-judgment interest compensates the aggrieved party for the loss of money during the period proceeding to final judgment. Interest pursuant to 28 U.S.C. § 1961(a) is calculated "at a rate equal to the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the judgment, as published by the Board of Governors of the Federal Reserve System." *Flowers v. SteerPoint Mktg., LLC*, No. 1:18-cv-01618-DLP-SEB, at *4 (S.D. Ind. Apr. 8, 2020). Generally, a Plaintiff may collect interest on the judgment amount and on the attorney's fees and the costs associated with the litigation from the date the award was entered to the date the award was paid. See *Fleming v. County of Kane*, *State of Ill*.,898 F.2d 553, 565 (7th Cir. 1990).

    Accordingly, Plaintiff requests that the Court award him post-judgment interest from the date the award was entered to the date the award is paid.

***Costs and Attorney's Fees***

    In Title VII actions, the prevailing party may recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k). Accordingly, upon the finding of a civil rights violation, a Court should order Defendant to pay Plaintiff the costs of maintaining the suit, including fees. A petition that

presents competent evidence of an attorney's actual hours and standard fee provides a reasonable basis for the award of attorney fees by the trier of fact.

To determine a reasonable fee, the district court uses the lodestar method, multiplying the "number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar approach forms the "centerpiece" of attorneys' fee determinations, and it applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement. <u>See</u> *Blanchard v. Bergeron*, 489 U.S. 87 (1989). There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award. <u>See</u> *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 639 (7th Cir. 2011).

Reasonable hourly rate has been defined as one that is "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir.2003). An attorney's actual billing rate for similar litigation is presumed to be appropriate to use as the market rate. <u>See</u> <u>id</u>. The fee applicant bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). If a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate. <u>See</u> *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir.1999).

For the Court's consideration and convenience, Plaintiff attaches an updated calculation of her costs and reasonable attorney's fees he has spent to this point in the Declaration attached hereto as Exhibit "B."

WHEREFORE, Plaintiff respectfully requests that the Court issue a final judgment imposing the following damages:

- Back Pay - **$4,720.00**
- Pre-judgment interest - **$401.20**

- Mental Anguish Damages - **$25,000.00**
- Costs - **$480**
- Attorney fees - **$5,289.50**

For a total of **$35,890.70**  plus the imposition of post-judgment interest.

## II.    FEDERAL RULE 69(A) AUTHORIZES PLAINTIFFS TO CONDUCT DISCOVERY IN ORDER TO AID ITS COLLECTION AND ENFORCEMENT OF THE DEFAULT JUDGMENT

There is a likelihood that Defendant will not satisfy the Default Judgment once entered.

Accordingly, in order to aid its execution and collection of the judgment, Plaintiffs are requesting leave of court to conduct discovery into this narrow issue.

The federal rules of civil procedure provide as follows:

**(2)** ***Obtaining Discovery***. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2). Federal law authorizes a judgment creditor, such as Plaintiff here, to pursue discovery in order to aid its ability to enforce and collect on a judgment. In *Evans v. Chicago Football Franchise Limited Partnership*, 127 F.R.D. 492, 493 (N.D. Ill. 1989), the court confirmed that the federal rules allow for a party to conduct discovery in aid of its efforts to enforce or collect a judgment, and that such discovery can be conducted following the entry of the judgment. The court relied on Rule 69(a) to support its findings that '[i]t is clear from the plain language of the rule that plaintiff may need use the federal discovery rules" in order to discover, post-judgment, information concerning defendant's assets, or to otherwise enforce or collect on that judgment. *Id*. The court highlighted the fact that the federal rules authorize a judgment creditor to use the federal discovery rules, or to proceed in a manner that is authorized by state law and practice. *Id*. Finally, the court noted that a judgment creditor can obtain discovery from a judgment debtor or even third partied without the need to file a separate lawsuit or

proceeding. *Id.*

      WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant this

Motion and enter a Default Final Judgment against Defendant, Interior Define, Inc.

Dated: October 29, 2024

                               Respectfully submitted,

                               By: */s/ Chad Eisenback*
                               Chad Eisenback, Esq.
                               Sulaiman Law Group, Ltd
                               2500 S. Highland Ave., Ste. 200
                               Lombard, IL 60148
                               Phone: (630) 575-8180
                               ceisenback@sulaimanlaw.com
                               *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY, that on this 29th day of October 23, 2024, I caused a true and correct copy of the foregoing to be served via CM/ECF, electronic mail and/or U.S. Mail to the following:

                        RMH Illinois LLC d/b/a Applebee's
                        c/o Corporate Creations Network, Inc.
                        1320 Tower Road
                        Schaumburg, IL 60173
                        *Defendant*

                                        */s/ Chad Eisenback*
                                        Chad Eisenback Esq.